IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE GILBERTO PEREZ, VICTORIA JOSEFINA DIAZ, XOCITL LOPEZ, , LILIA PEREZ, AGUSTIN RUESGA, and PASCUAL TABAREZ<br><br>Plaintiffs,<br><br>v.<br><br>NAAS, INC. d/b/a IHOP<br><br>Defendant. | )))))))))))))) | 1:15-cv-5848 |

## COMPLAINT

Plaintiffs, Jose Gilberto Perez, Victoria Josefina Diaz, Xochitl Lopez, Lilia Perez, Agustin Ruesga, and Pascual Tabarez by and through their attorneys, Becerra Law Group, LLC, for their Complaint against NAAS, Inc. d/b/a IHOP (herein "Defendant"), state as follows:

### NATURE OF PLAINTIFFS' CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), for Defendants' failure to pay Plaintiffs federal and state mandated minimum wages and overtime pay.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

1

## THE PARTIES

4. Plaintiffs Jose Gilberto Perez, Victoria Josefina Diaz, Xochitl Lopez, Lilia Perez, Agustin Ruesga, and Pascual Tabarez reside in and are domiciled in this judicial district.

5. Plaintiffs Jose Gilberto Perez, Victoria Josefina Diaz, Xochitl Lopez, Lilia Perez, Agustin Ruesga, and Pascual Tabarez are former employees of Defendant who were employed by Defendant in this judicial district.

6. During the course of their employment, Plaintiffs handled goods that moved in interstate commerce and performed non-exempt work.

7. Defendant NAAS, Inc. is an Illinois corporation doing business within this judicial district.

8. Defendant NAAS, Inc. is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

9. Defendant NAAS, Inc. was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

10. Defendant NAAS, Inc. does business under the name "IHOP" and upon information and belief is a franchisee of DineEquity, Inc.

## FACTUAL ALLEGATIONS

11. Defendant operates a restaurant under the name IHOP located at 9500 Skokie Blvd in Skokie, Illinois.

12. Plaintiffs worked as busers, dishwashers, and wait staff.

13. Plaintiffs were not paid wages for all hours worked.

14. Defendant had a policy and practice of charging Plaintiffs a set amount per shift

for any food that Plaintiffs may have consumed. This meal charge was not based on the cost to Defendant of the food Plaintiffs actually consumed.

15. Defendant had a policy and practice of not paying overtime wages.

16. Defendant required Plaintiffs to use two timecards with the same name in order to avoid paying overtime wages.

17. Defendant failed to pay Plaintiffs for one week of work in December 2014.

18. Plaintiffs complained to Defendant's management team regarding the unpaid week of wages in early 2015.

19. On March 14, 2015, Plaintiffs Victoria Josefina Diaz, Jose Gilberto Perez, Lilia Perez, Agustin Ruesga, and Pascual Tabarez and Defendant's management team had a meeting where they once again protested Defendant's failure to pay wages in December 2014.

20. At the March 14, 2015 meeting, Plaintiffs were informed that busers would no longer receive tips.

21. After the March 14,2015 meeting Plaintiffs Victoria Josefina Diaz, Jose Gilberto Perez, Lilia Perez, Agustin Ruesga, and Pascual Tabarez were not given work by Defendant.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages

Plaintiffs hereby reallege and incorporate paragraphs 1 through 21 of this Complaint, as if fully set forth herein.

22. This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendant's failure to pay overtime wages to Plaintiffs.

23. Plaintiffs worked for Defendant and were "employee(s)" of Defendant as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

24. Defendant was Plaintiffs' "employer" within the meaning of Section 3(d) of the

FLSA, 29 U.S.C. § 203(d).

25. During the course of their employment by Defendant, Plaintiffs were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

26. Plaintiffs were directed by Defendant to work, and did work, in excess of 40 hours per week.

27. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiffs worked in excess of 40 hours, they were entitled to be compensated at a rate of one and one-half times their hourly rate.

28. Defendant did not compensate Plaintiffs at a rate of one and one-half times their hourly rate for time they worked in excess of 40 hours in individual workweeks.

29. Defendant's failure to pay Plaintiffs overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

30. Defendant's failure and refusal to pay overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

- A. A judgment in the amount of one and one-half times Plaintiff's hourly rate for all time Plaintiffs worked in excess of 40 hours per week;
- B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;
- C. Reasonable attorneys' fees and costs incurred in filing this action; and
- D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages

Plaintiffs hereby reallege and incorporate paragraphs 1 through 30 of this Complaint, as if fully set forth herein.

31. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

32. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

33. At all relevant times herein, Defendant was Plaintiffs' "employer" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiffs were Defendant's "employee(s)" within the meaning of that Act.

34. During the course of their employment by Defendant, Plaintiffs were not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

35. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiffs worked in excess of 40 hours, Plaintiffs were entitled to be compensated at one and one-half times their hourly rate for time worked in excess of 40 hours per week.

36. Defendant failed to pay Plaintiffs one and one-half times their regular hourly rate of pay for time worked in excess of 40 hours per week.

37. Defendant violated the Illinois Minimum Wage Law by refusing to compensate Plaintiffs at one and one-half times their regular hourly rate of pay for all time worked in excess of 40 hours per week.

38. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

    A. A judgment in the amount of one and one-half times Plaintiffs' hourly rate for all time which Plaintiffs worked in excess of 40 hours per week;

    B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Fair Labor Standards Act – Minimum Wages

Plaintiffs hereby reallege and incorporate paragraphs 1 through 38 of this Complaint, as if fully set forth herein.

39. This Count arises from Defendant's violation of the FLSA for their failure to pay Plaintiffs wages for all time worked.

40. During the course of Plaintiffs' employment with Defendant, Defendant failed to compensate Plaintiffs for all hours worked.

41. Plaintiffs were entitled to be paid for all time worked.

42. Defendant's failure to pay Plaintiffs for all time worked violated the minimum wage hour provisions of the FLSA.

43. Defendant willfully violated the FLSA by refusing to pay Plaintiffs for all hours they worked.

44. Plaintiffs are entitled to recover unpaid wages for three years prior to the filing of this suit because of Defendant's failure to pay minimum wages for all hours worked in individual work weeks was a willful violation of the FLSA.

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

A. A judgment in the amount of unpaid wages for all hours that Plaintiffs worked but were not compensated;

B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiffs are found to be due and owing;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D.　　Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Minimum Wage Law – Minimum Wages

Plaintiffs hereby reallege and incorporate paragraphs 1 through 44 of this Complaint, as if fully set forth herein.

45.　　This count arises from Defendant's violation of the IMWL for Defendant's failure and refusal to pay Plaintiffs' wages for all time they worked.

46.　　During the course of their employment with Defendant, Plaintiffs were not compensated for all time worked.

47.　　Plaintiffs were entitled to be paid wages for all time worked.

48.　　Defendant failed to pay the Illinois minimum wage for all time worked.

49.　　Defendant's failure to pay the Illinois minimum wage rate violated the minimum wage hour provisions of the IMWL.

50.　　Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for 3 years prior to the filing of this suit, plus damages in the amount of 2% per month of the amount of underpayment.

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

A.　　A judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

B.　　Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.　　Reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law; and

D.　　Such other and further relief as this Court deems appropriate and just.

## COUNT V
### Violation of the Fair Labor Standards Act – Retaliation
(As to Plaintiffs Jose Gilberto Perez, Victoria Josefina Diaz, Lilia Perez, Agustin Ruesga, and Pascual Tabarez only.)

Plaintiffs Jose Gilberto Perez, Victoria Josefina Diaz, Lilia Perez, Agustin Ruesga, and Pascual Tabarez hereby reallege and incorporate paragraphs 1 through 50 of this Complaint, as if fully set forth herein.

51. This count arises from Defendant's violation of the complaint clause of the FLSA.

52. The FLSA provides that an employer may not "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter. 29 U.S.C. § 215(a)(3)

53. Plaintiffs were discharged and discriminated against for protesting the fact that they were not paid wages in December 2014.

54. Plaintiffs are entitled to compensatory damages, punitive damages, and emotional distress damages because Defendant's retaliatory actions were a willful violation of the FLSA 29 U.S.C. §215(a)(3).

WHEREFORE, Plaintiffs Victoria Josefina Diaz, Jose Gilberto Perez, Lilia Perez, Agustin Ruesga, and Pascual Tabarez pray for a judgment against Defendant as follows:

    A. Compensatory damages;

    B. Punitive damages;

    C. Emotional distress damages;

    D. Reasonable attorneys' fees and costs incurred in filing this action; and

    E. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: July 1, 2015

**JOSE GILBERTO PEREZ, VICTORIA JOSEFINA DIAZ, XOCHITL LOPEZ, , LILIA PEREZ, AGUSTIN RUESGA, PASCUAL TABAREZ**

By: _/s/Carlos G. Becerra
Attorney for Plaintiff

CARLOS G. BECERRA (ARDC #6285722)
PERLA M. GONZALEZ (ARDC # 6310896)
Becerra Law Group, LLC
332 South Michigan, Suite 1020
Chicago, Illinois 60604
Telephone: (312)753-6967
Facsimile: (888)826-5848
Email: cbecerra@law-rb.com
Email: pgonzalez@law-rb.com